IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
RAYMOND MILLER,                       )
                                      )
                  Plaintiff,          )
                                      )
          v.                          )      1:10CV917
                                      )
OFFICER BE- WENZEL #961820 and        )
WINSTON SALEM POLICE DEPT., 725       )
NORTH CHERRY STREET WINSTON           )
SALEM, NORTH CAROLINA 27102,          )
                                      )
                  Defendants.         )
```

**MEMORANDUM OPINION, ORDER, AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint alleging racial discrimination related to a traffic accident report (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2), as frivolous and for failing to state a claim.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953

(4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)), cert. denied, 130 S. Ct. 2064 (2010).

PLAINTIFF'S COMPLAINT

Plaintiff's Complaint alleges, in relevant part, that:

1) Plaintiff ("who is black") was involved in a traffic accident (Docket Entry 2 at 1-2;

2) Winston-Salem Police Officer Be- Wenzel (who is "white") responded to the scene and "took statements from [Plaintiff] . . . [and] the other driver [who is "white"] . . . [, but] did not issue any ticket" (id. at 2);

3) "[a]fter getting a copy of the Police Report, [Plaintiff] noticed that the report itself does not accurately reflect what [Plaintiff] told the officer" (id.);

4) "[b]ecause of the officer's bias [sic] inaccurate report, [the other driver's] insurance company" has refused "to repair [Plaintiff's] vehicle [and to pay] compensation [or] medical expenses" (id.);

5) Plaintiff's attorney has "withdraw[n] from [his] case . . . [and has told Plaintiff] that the wording and the codes of the Police Report le[d] [the attorney] to feel that he wouldn't be able to get a favorable outcome on [Plaintiff's] behalf" (id.); and

6) Plaintiff has "written to the Winston[-]Salem Police Chief and Officer Be-Wenzel . . . concerning this matter and requesting a possible amendation [sic] to the report . . .[, but] ha[s]n't received a reply" (id.).

4

DISCUSSION

According to Plaintiff's Complaint (which seeks to proceed under 42 U.S.C. § 1983 (id. at 1)), the above-referenced facts raise a "racial discrimination issue." (Id. at 2.) Assuming that the Complaint adequately alleges that Officer Be-Wenzel prepared an inaccurate report about Plaintiff's accident, it fails to set forth sufficient factual information to support a reasonable inference that race played any role in that matter. The allegation that Plaintiff falls into a different racial group from Officer Be-Wenzel and the other driver does not suffice: "Law does not blindly ascribe to race all personal conflicts between individuals of different races." Hawkins v. Pepsico, Inc., 203 F.3d 274, 282 (4th Cir. 2000). Further, the Complaint alleges no facts that would allow a reasonable fact-finder to conclude that any unlawful conduct by Officer Be-Wenzel arose from a policy, practice, or custom of the Winston-Salem Police Department (or, more properly, the City of Winston-Salem through its police department); as a result, even if Plaintiff had a claim against Officer Be-Wenzel for racial discrimination, Plaintiff could not maintain a claim for municipal liability. See generally Monell v. Department of Soc. Servs., 436 U.S. 658 (1978).

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support

(Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be **DISMISSED** as frivolous and for failing to state a claim under 28 U.S.C. § 1915(e)(2), without prejudice to re-filing.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 20, 2010